IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KEWAN CALLICUTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-0044 |
| | ) | |
| JAMES M. HOLLOWAY,[1] | ) | Judge Nixon |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is the respondent's motion to dismiss on the basis that the petitioner's habeas petition does not raise a cognizable claim for relief and, alternatively, that the petition raises a claim that has not been fully exhausted in the state courts. As set forth herein, the Court finds that the petition must be dismissed for failure to exhaust.

I.    BACKGROUND AND PROCEDURAL HISTORY

The petitioner was convicted of attempted especially aggravated robbery and began serving a twelve-year sentence on December 17, 2009. (ECF No. 12-1, at 1.) The Tennessee Board of Probation and Parole ("BOP") granted the petitioner parole on February 15, 2013. A few months prior to his parole, on November 30, 2012, a felony warrant for extradition and a criminal complaint had been sworn out against the petitioner in Milwaukee County, Wisconsin.

---

[1] The petition in this case, which the Court construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, lists Derrick Schofield and the Tennessee Department of Corrections as respondents. (ECF No. 1.) The only proper respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). The petitioner's filings reflect that the petitioner is housed at West Tennessee State Penitentiary whose current warden is James M. Holloway. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Holloway, in his official capacity, is automatically substituted as a party to this action.

(ECF No. 12-1, at 4–6 (felony warrant and criminal complaint).)

The petitioner's probation officer became aware of the warrant and complaint in August 2013. A parole-violation report was issued on August 9, 2013, indicating that the petitioner was in violation of BOP Administrative Rule 1100-01-01-.12(3)(a) (ECF No. 12-1, at 3), and the petitioner was served with a parole-violation warrant on August 13, 2013. (*See* ECF No. 12-1, at 12 (Notice of Board Action, documenting that petitioner had been served with a warrant on 8/13/2013).) A hearing was conducted on November 1, 2013, after which the petitioner's parole was rescinded based on the petitioner's alleged "fail[ure] to notify Board of pending charge in [Wisconsin]." (ECF No. 12-1, at 10, 12.) Despite this characterization, it was neither alleged nor proved that the petitioner was aware of the outstanding arrest warrant at the time of the parole hearing. (*See* ECF No. 15-1, at 24 (Hr'g Tr. at 21:13–18) (hearing officer stating: "Sir, this is not alleging that you fraudulently misled or tried to keep this information from us. What it is, it's anything that's new information that the Board was not aware of at the time of the hearing. That's what the deal is here in this situation.").)

The petitioner received notice of the BOP's decision on December 11, 2013 (ECF No. 12-1, at 13) and appealed the ruling. His appeal was denied on January 22, 2014. (ECF No. 11, at 9.)

On April 23, 2014, the petitioner initiated an action in Davidson County Chancery Court challenging the BOP's rescission of his parole, arguing that (1) he was not aware of the detainer warrant that had been issued and was pending at the time he was paroled; and (2) it was the prison's and parole board's responsibility to ensure that he did not have any outstanding warrants at the time of his parole. (ECF No. 12-2, at 1–8.) On April 28, 2014, the Chancery Court issued an order notifying the petitioner that he had failed to comply with the requirements of Tenn.

Code Ann. § 41-21-801 *et seq.*, specifically by submitting the filing fee or an Affidavit of Indigency, failed to submit a partial payment of the litigation tax as required by Tenn. Code Ann. § 41-21-807, and failed to file a summons in duplicate for each defendant along with a copy of the petition for each summons to be issued. (ECF No. 11, at 2 (order).) The order also gave the petitioner notice that failure to comply with the requirements listed in the order within 30 days would result in the dismissal of his case without prejudice. (*Id.* at 3.) The Chancery Court dismissed the action without prejudice on June 4, 2014 based on the petitioner's failure to comply with the enumerated requirements. (ECF No. 12-2, at 9.)

The petitioner filed the action in this Court on January 15, 2015, asserting that his right to due process was violated by the BOP's revocation of his parole based on a rule that was "not on any of [the petitioner's] parole papers of which the petitioner was not aware." (ECF No. 14, at 7.)[2] After being directed to do so, the state has filed a response in which it argues that (1) there is no constitutional right to parole and, therefore, that the right to due process does not attach to the parole procedure; and (2) the petitioner's challenge to the BOP's rescission of parole is procedurally defaulted.

## II. DISCUSSION

The Court notes as an initial matter its sympathy with the petitioner's predicament: His parole was revoked through no fault or action of his own, and he has been required to serve an additional two years (so far) as a result of charges against him that, according to the petitioner, have subsequently been dismissed. In addition, it appears to the Court that the BOP may have misapplied its own rule. The rescission determination was based on the BOP's becoming aware

---

[2] The petitioner also insists, as he did in the parole rescission proceedings, that the accusations against him in Wisconsin were false, and information in the petitioner's filings indicates that the petitioner was ultimately successful in having the Wisconsin charges dismissed

of significant information of which it was not aware at the time it made the decision. The rule it invoked in making that decision provides for rescission –

> [i]f, after a parole has become effective and the inmate is released on parole, evidence comes to the attention of the Board that significant information was *fraudulently given or withheld by the inmate, or on behalf of the inmate*, or that the inmate violated the law while on furlough or other release program prior to being released on parole and such information was not known by the Board, or that the parole has been arrested, indicted or convicted for an offense that was committed prior to parole, or that the parolee has an unexpired prison term of which the Board was unaware at the time of the hearing, or that a calculation of the parolee's sentence structure would render him or her ineligible for parole, the Director may issue a warrant for the retaking of such parolee.

BOP Rule 1100-01-01.12(3)(1) (emphasis added). The BOP does not allege that the petitioner violated the law while on furlough or other release, that he was actually arrested, indicted or convicted for an offense committed prior to parole, that he had an unexpired prison term of which the BOP was unaware, or that his sentence structure rendered him ineligible for parole. Instead, the BOP's decision was purportedly based on the petitioner's failure to notify the BOP of pending charges in Wisconsin, even though the record did not establish that the petitioner himself was aware of those pending charges. By its terms, the Rule appears to provide for parole rescission based on information fraudulently given or withheld by the inmate or on behalf of the inmate, not based on information that was unknown either to the parolee or the BOP at the time of the parole decision. The BOP seems to read the Rule otherwise, however, and concluded that parole rescission in the petitioner's case was warranted based on significant information unknown to the Board at the time of the parole decision, regardless of whether that information was actually "fraudulently given or withheld by the inmate, or on behalf of the inmate."

Beyond noting its sympathy, however, the Court does not have the authority under the circumstances to provide the relief requested by the petitioner. As the respondent argues, a habeas petitioner must exhaust his state remedies by presenting the substance of his

constitutional claims to the state courts prior to seeking habeas relief. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied only when the highest state court has been "given a full and fair opportunity to rule on the claim." *O'Sullivan v. Boerckel*, 526 U.S. 838, 846–47 (1999). The exhaustion requirement applies when the petitioner seeks review of a decision revoking parole. *See, e.g., Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir. 1991) (dismissing challenge to state parole revocation because state remedies were arguably available).

The petitioner here failed to exhaust his state remedies. He filed a Chancery Court Petition for Writ of Certiorari to Review Agency Decision but abandoned it by failing to comply with that court's directive, as a result of which the action was dismissed without prejudice. To fully exhaust his state remedies, the petitioner was required to pursue that petition to a decision by the Chancery Court and, if he was dissatisfied by that result, to appeal the decision to the Tennessee Court of Appeals. *See* Tenn. Code Ann. § 27-9-112 (authorizing appeal of the court's initial decree to the court of appeals).[3]

---

[3] The respondent also argues that the petition must be denied because the petitioner does not have a constitutional right to parole, and thus no right to due process in the conduct of a parole hearing. The cases cited by the respondent, however, do not apply to situations in which parole has already been granted. The Supreme Court recognized in *Morrissey v. Brewer*, 408 U.S. 471 (1972), that parolees have a legitimate interest in protecting the conditional liberty they have already been accorded. As the Supreme Court stated there:
> The liberty of a parolee enables him to do a wide range of things open to persons who have never been convicted of any crime. The parolee has been released from prison based on an evaluation that he shows reasonable promise of being able to return to society and function as a responsible, self-reliant person. Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life. Though the State properly subjects him to many restrictions not applicable to other citizens, his condition is very different from that of confinement in a prison. He may have been on parole for a number of years and may be living a relatively normal life at the time he is faced with revocation. *The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions.*

*Id.* at 482 (emphasis added; footnote omitted). The Court therefore determined that the termination of a parolee's liberty "inflicts a grievous loss" of liberty that falls within the

Because the petitioner in this case failed to exhaust his state remedies, his petition will be dismissed without prejudice.

An appropriate order is filed herewith.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

protection of the Fourteenth Amendment. *Id.* at 482. The Court also outlined the type of "process" that is "due" under the circumstances of a parole revocation. *Id.* at 485. Because this Court has determined that the petitioner failed to exhaust his state-court remedies, the Court declines to address the question of whether the petitioner received due process.